IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CURTIS DAVIS, JR.                                                                                      PETITIONER

V.                                                        NO. 3:23-CV-00472-MPM-JMV

BURL CAIN, et al.                                                         RESPONDENTS

ORDER DENYING PETITIONER'S
MOTION FOR DISCOVERY

This matter come before the Court on the petitioner's motion [10] to compel discovery in this case filed under 28 U.S.C. § 2254. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Discovery is not typically granted in such cases because "[t]he guilt or innocence determination in state criminal trials is 'a decisive and portentous event,'" and "'[f]ederal courts are not forums in which to relitigate state trials.'" *Herrera v. Collins*, 506 U.S. 390, 401 (1993) (citing *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977) and *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983) overruled on other grounds).

As such, a federal court's role is ordinarily limited to a review of the state court's record, *see Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011), unless good cause exists to justify discovery. Good cause exists when a petitioner "establishes a prima facie case for relief." *Harris v. Nelson*, 394 U.S. 286, 290 (1969), *reh'g denied* May 5, 1969. When "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Id.* at 300.

The Federal Rules governing such petitions echo this holding, only authorizing discovery in limited circumstances. In particular, the Rules provide that "[a] judge may, *for good cause*,

authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery" and further that "*[a] party requesting discovery must provide reasons for the request.*" Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts (emphasis added). Discovery may thus proceed only if the court, in its discretion and for good cause shown, grants petitioner such leave.

In addressing this issue, the Fifth Circuit has held:

> A federal habeas court must allow discovery and an evidentiary hearing *only* where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief and the state has not afforded the petitioner a full and fair evidentiary hearing. *Conclusory allegations are not enough to warrant discovery under Rule 6 of the Federal Rules Governing § 2254 Petitions: the petitioner must set forth specific allegations of fact. Rule 6, which permits the district court to order discovery on good cause shown, does not authorize fishing expeditions.*

*Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994) (citations omitted) (emphasis added). Moreover, "[t]he burden of showing the materiality of the information requested is on the moving party." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001); *see also Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000)).

In the instant motion, Petitioner opines that certain lab reports are germane to his claims for habeas relief. Oddly enough, Petitioner has attached copies of those lab reports to his motion. As such, the Court hardly thinks it is necessary to compel production of copies of evidence which Petitioner clearly has already obtained. Apart from these lab reports, Petitioner *seems* to request that the Court order Respondents to produce documentation of communications between the crime lab and Petitioner's trial counsel. Respondents, however, have no control over the production of such communications as they would not be in their possession, assuming they exist. That aside, Petitioner has failed to demonstrate the materiality of the information requested nor has he

2

established a prima facie case for relief. As such, he has not met his burden, and the instant motion [10] to compel discovery is **DENIED**.

    **SO ORDERED** this, the 12th day of March, 2024.

                                              /s/ Jane M. Virden
                                              **JANE M. VIRDEN**
                                              **UNITED STATES MAGISTRATE JUDGE**