IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CURTIS DAVIS, JR.             PETITIONER

V.             NO. 3:23-CV-00472-MPM-JMV

BURL CAIN, et al.             RESPONDENTS

ORDER OVERRULING PETITIONER'S APPEAL
AND AFFIRMING MAGISTRATE JUDGE'S MARCH 12, 2024, ORDER

This matter comes before the Court on the *pro se* petitioner's appeal [14] of the Magistrate Judge's Order denying his motion to compel discovery in this case. Upon due consideration of the arguments presented and the applicable authority, the Court finds that the appeal should be denied.

Relevant Background

Petitioner filed the instant habeas corpus proceeding under 28 U.S.C. § 2254, challenging his 2010 state-court conviction for manslaughter and felon-in-possession-of-a-firearm. *See* Doc. # 1. Petitioner previously moved to compel discovery, requesting lab reports and communications between the crime lab and petitioner's trial counsel in the underlying state-court proceedings. By Order entered March 12, 2024, the Magistrate Judge denied Petitioner's motion, finding that Petitioner had failed to establish the requisite "good cause" necessary to justify discovery in such cases. On March 25, 2024, Petitioner filed this Appeal of the Magistrate Judge's Order Denying his Motion to Compel. Doc. # 14. On April 1, 2024, Respondents filed a "Notice" in which they advised the Court they did not intend to file a formal response to Petitioner's appeal, but did opine that they agreed with the Magistrate Judge's ruling and requested that the Court overrule the instant appeal. Doc. # 15.

Standard of Review

"A party aggrieved by a magistrate judge's ruling may appeal the ruling to the assigned district judge." L.U. Civ. R, 72(a)(1)(A). The Local Rules provide, in pertinent part, as follows:

> No ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law.

L.U. Civ. R. 72(a)(1)(B). Similarly, 28 U.S.C. § 636(b)(1)(A) provides that "[a] judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[1] The "clearly erroneous" standard requires that the Court affirm the decision of the magistrate judge unless "on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed." *See States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also* Fed. R. Civ. P. 72(a). This standard of review is "extremely deferential" to the magistrate judge's order. *See Sims v. Denmark*, 2014 WL 2573663, at *1 (S.D. Miss. Jul. 21, 2014) (citations omitted).

Discussion

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Moreover, discovery is not typically granted in such cases because "[t]he guilt or innocence determination in state criminal trials is 'a decisive and portentous event,'" and "'[f]ederal courts are not forums in which to relitigate state trials.'" *Herrera v. Collins*, 506 U.S. 390, 401 (1993) (citing *Wainwright*

---

[1] Pursuant to the authority granted it by Congress, the Court has designated magistrate judges to hear and determine pretrial matters not dispositive of a party's claim or defense. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L.U. Civ. R. 72(d).

2

*v. Sykes*, 433 U.S. 72, 90 (1977) and *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983) overruled on other grounds).

As such, a federal court's role is ordinarily limited to a review of the state court's record, *see Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011), unless good cause exists to justify discovery. Good cause exists when a petitioner "establishes a prima facie case for relief." *Harris v. Nelson*, 394 U.S. 286, 290 (1969), *reh'g denied* May 5, 1969. When "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Id.* at 300.

The Federal Rules governing such petitions echo this holding, only authorizing discovery in limited circumstances. In particular, the Rules provide that "[a] judge may, *for good cause*, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery" and further that "*[a] party requesting discovery must provide reasons for the request*." Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts (emphasis added). Discovery may thus proceed only if the court, in its discretion and for good cause shown, grants petitioner such leave.

In addressing this issue, the Fifth Circuit has held:

> A federal habeas court must allow discovery and an evidentiary hearing *only* where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief and the state has not afforded the petitioner a full and fair evidentiary hearing. *Conclusory allegations are not enough to warrant discovery under Rule 6 of the Federal Rules Governing § 2254 Petitions: the petitioner must set forth specific allegations of fact. Rule 6, which permits the district court to order discovery on good cause shown, does not authorize fishing expeditions.*

*Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994) (citations omitted) (emphasis added). Moreover, "[t]the burden of showing the materiality of the information requested is on the moving

3

party." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001); *see also Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000)).

As mentioned above, in moving to compel discovery, Petitioner *seemingly* requested the production of certain lab reports and communications regarding the transmittal of those lab reports to Petitioner's trial counsel. In denying Petitioner's motion, the Magistrate Judge noted that Petitioner had attached copies of the aforementioned lab reports to his motion. *See* Doc. # 10. Consequently, the Magistrate Judge found it unnecessary to compel the production of copies of lab reports which were already in Petitioner's possession. *See id.* As to communications received by Petitioner's trial counsel concerning the lab results, the Magistrate Judge explained that Respondents had no control over communications received by trial counsel. *Id.* Even so, the Magistrate Judge determined that Petitioner had failed to demonstrate the materiality of the information requested nor had he established a prima facie case for relief. *Id.*

In the instant appeal of the Magistrate Judge's order, Petitioner repeats his assertions as to the materiality of crime lab reports at issue and, for the first time, argues that there were no "Acknowledgment[s] of Receipt" in evidence showing that his trial counsel actually received the crime lab results prior to his entering a guilty plea in the underlying state-court proceedings. Petitioner, however, has cited no authority holding that such acknowledgments are required under Mississippi law and the Court is likewise unaware of any such authority. Petitioner additionally avers that his trial counsel did not receive the aforementioned lab results until a year after he entered the guilty plea. Thus, by Petitioner's own admission, he is already knowledgeable as to when his trial counsel learned these results—almost twelve (12) years ago (per his assertion). *See* Doc. #14 at 4. Assuming Petitioner's assertions to be true, he already has access to copies of the lab reports at issue and *apparently* knows when trial counsel first learned of the lab results.

4

Petitioner otherwise advances no compelling reason for the Court to grant the relief he requests. In sum, the Court agrees with the Magistrate Judge's finding that Petitioner has failed to establish good cause necessary for discovery in habeas corpus proceedings filed under Section 2254.

Conclusion

Based on the foregoing discussion, the Court concludes that the Magistrate Judge's March 12, 2024, Order denying Petitioner's motion to compel discovery is not clearly erroneous nor is it contrary to law. Accordingly, Petitioner's appeal [14] of the Magistrate Judge's March 12, 2024, Order Denying Motion to Compel Discovery is hereby **OVERRULED**, and the Magistrate Judge's March 12, 2024, Order [10] is **AFFIRMED**.

**SO ORDERED**, this the 3rd day of April, 2024.

/s/ Michael P. Mills
U.S. DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI