IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CURTIS DAVIS, JR.**                                                   **PETITIONER**

**V.**                                                   **CAUSE NO. 3:23-CV-00472-MPM-JMV**

**BURL CAIN, et al.**                                                **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the *pro se* petition of Curtis Davis, Jr. for a writ of habeas corpus under 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as time-barred. In response, Petitioner moved for summary judgment. Both motions are now ripe for consideration. For the reasons set forth below, Respondents' motion to dismiss will be granted and Petitioner's motion for summary judgment will be denied. The instant petition will, therefore, be dismissed with prejudice as untimely filed.

**Procedural Background**

Petitioner Curtis Davis, Jr. is currently in the custody of the Mississippi Department of Corrections and housed at the Marshall County Correctional Facility located in Holly Springs, Mississippi. Doc. # 1. On April 5, 2010, a Grand Jury in the Circuit Court of Montgomery County, Mississippi, indicted Davis on two counts: Count I-Capital Murder, and Count II- Possession of a Firearm by a Felon. Doc. # 7-1. On August 31, 2010, Davis pleaded guilty to a reduced charge of manslaughter (in lieu of the capital murder charge) and felon in possession of a firearm. Doc. # 7-2. That same date, Davis was sentenced to a term of twenty (20) years on Count I (Manslaughter) and ten (10) years on Count II (Felon in Possession of a Firearm), with the sentence in Count II to run consecutive to the sentence in Count I, and both sentences to run consecutively to any previously imposed sentences. Doc. # 7-3.

On May 24, 2011, Davis, through counsel, filed his first "Motion for Post Conviction Relief" ("PCR motion") in the Montgomery County Circuit Court. Doc. # 8-2 at 7-10. This PCR motion was premised largely on Davis' pre-judgment motions to compel discovery and to suppress his confession. *Id.*, *see also* Doc. # 8-2 at 12-73. According to Davis, the State failed to provide him DNA evidence (crime lab reports), which allegedly proved his innocence, prior to his guilty plea. *Id.*

The circuit court entered an Order on June 8, 2011, denying Davis' first PCR motion. Doc. # 7-4. In denying relief, the circuit court noted that the DNA testing was complete, and the results were available on August 27, 2010, four days before Davis entered his guilty plea. *Id.* at 2. As such, the trial court found that the DNA results did not constitute newly-discovered evidence that was not available to Davis prior to his guilty plea nor did they exonerate him. *Id.* at 2-3. Rather, the results merely "exclude [Davis] as a contributor to the samples", and although there was "no forensic evidence linking [Davis] with the crime, there [was] his confession and statements in the plea colloquy that do." *Id.* at 3

More than a year later, on October 10, 2012, Davis, proceeding *pro se*, filed a second PCR motion in the Montgomery County Circuit Court. Doc. # 8-2 at 80-81. The circuit court entered an Order on October 19, 2012[1] denying Davis' second PCR motion, finding that it was barred as successive under Mississippi Code Annotated § 99-39-23. Doc. # 7-5. The circuit court further noted that Davis had failed to appeal the ruling on his first PCR motion and found that the second motion raised no new issues. *Id.*

Davis filed a motion for reconsideration of the court's order denying his second PCR motion on November 3, 2012. Doc. # 8-3 at 38-42. The circuit court entered an Order on January 7, 2014, denying Davis' motion to reconsider as without merit. Doc. # 8-7 at 55. Davis evidently

---

[1] The circuit court judge signed the order on October 18, 2012, but it was filed on the docket on October 19, 2012.

2

filed a motion seeking leave to file an out-of-time appeal as the circuit court entered an Order denying his motion for an out-of-time appeal on the same date (January 7, 2014). Doc. # 8-7 at 54. Soon thereafter, Davis filed a Notice of Appeal appealing the trial court's denial of his second PCR motion on January 13, 2014.[2] *Id.* at 50.

The Mississippi Court of Appeals affirmed the trial court's denial of Davis' second PCR motion as successive. *Davis v. State*, 174 So.3d 299, 306 (Miss. Ct. App. 2015). Rather than summarily upholding the trial court, the Court of Appeals addressed all issues raised by Davis, specifically his claims regarding newly-discovered-evidence, ineffective-assistance-of-counsel, and *Brady*[3] violations, finding them without merit and insufficient to overcome the procedural bar. *Id.* at 299-306.

As to the newly-discovered-evidence claim, the state appellate court, like the circuit court, found that "the DNA results do not qualify as newly discovered evidence, and they are not material to the outcome of Davis[] conviction." *Id.* at 303. The state appellate court explained that the results were available four days prior to his plea and Davis had failed to show that the results were unavailable to him or that the State had otherwise suppressed the results. *Id.* The Court of Appeals further expounded that "[r]egardless of the absence of DNA evidence, the State had evidence of Davis[] guilt because Davis confessed to law enforcement that he killed [the victim]." *Id.* at 303-304. Moreover, "by pleading guilty, Davis nullified any assertion that he could somehow later prove his innocence through undiscovered evidence." *Id.* at 304 (citation omitted).

As to the ineffective-assistance-of-counsel claim, the state appellate court found that Davis had failed to provide any evidence that "his attorney gave him erroneous advice." *Id.* at 305. Davis

---

[2] Respondents mistakenly describe the appeal as pertaining to the circuit court's denial of his motion to reconsider, but the notice of appeal clearly states that the appeal applies to the October 2012 order which denied Davis' second PCR motion. *See* Doc. # 8-7 at 50.
[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

argued that his counsel coerced him into pleading guilty without waiting on the DNA test results, but the court of appeals found that argument without merit, concluding that he had "not overcome the procedural bar." *Id.* And lastly, Davis asserted a *Brady* claim and argued that the State illegally suppressed the DNA test results. *Id.* The state appellate court, however, noted that Davis moved to compel the DNA test results on August 5, 2010, and that the crime lab records show that the results became available on August 27, 2010, four days prior to entry of his guilty plea. *Id.* at 306. The court of appeals found that Davis failed to produce any evidence that the test results were not available to him, nor that the State suppressed the results. *Id.* The state appellate court further reasoned that [t]he DNA test results only excluded Davis as a contributor to the samples taken and were not exculpatory." *Id.* Moreover, when Davis entered his guilty plea, "he waived the arguments in his motion to compel the test results." *Id.*

On March 15, 2019, Davis, proceeding *pro se*, signed and submitted a third PCR motion which was stamped as "Filed" in the Montgomery County Circuit Court on April 2, 2019. Doc. # 8-12 at 9-43. Davis raised three grounds for relief (as summarized by the Court): (1) his sentence violated his due process rights; (2) his guilty plea was neither voluntarily nor intelligently entered; and (3) he received ineffective assistance of counsel. *Id.* On March 6, 2020, an Order was entered by the circuit court denying Davis' third PCR motion, finding it to be barred both as successive and untimely filed.[4] Doc. # 7-7. The Mississippi Court of Appeals affirmed the circuit court's denial of Davis' third PCR motion by decision entered on March 22, 2022. *See Davis v. State*, 335 So.3d 1108 (Miss. Ct. App. 2022). In upholding the circuit court's ruling, the state appellate court emphasized that it had "previously addressed this exact issue during the appeal of Davis'[] 2012

---

[4] The Order was signed by the trial judge on February 26, 2020, but was not "Filed" on the docket until March 6, 2020.

PCR motion" and found Davis' claim(s) "time-barred, successive-writ barred, and precluded by res judicata." *Id.* at 1111.

On March 28, 2023, Davis filed his fourth *pro se* PCR motion in the Montgomery County Circuit Court. Doc. # 8-17 at 4-10. In this filing, Davis asserted yet another claim for ineffective assistance of counsel. *Id.* The circuit court entered an Order on May 31, 2023, denying Davis' motion, finding it untimely filed, barred as a second (or successive) PCR motion, and further barred under the doctrine of res judicata. Doc. # 7-9. Davis failed to appeal the circuit court's denial of his fourth PCR motion.[5]

On December 4, 2023, Davis signed and submitted the instant petition for federal habeas corpus relief which was stamped as "Received" by this Court on December 11, 2023. Doc. # 1. Davis raises a single ground for relief (as summarized by the Court): that counsel was ineffective in failing to provide him with the DNA results prior to entry of his guilty plea. *Id.* at 5. The Court entered an Order on December 14, 2023, directing Respondents to answer Davis' petition on or before February 26, 2024. Doc. # 4. Thus, on February 26, 2024, Respondents moved to dismiss Davis' petition as untimely filed. Doc. # 7. In response, Davis filed a motion for summary judgment on March 11, 2024. Doc. # 9. The parties have filed their respective responses and replies to these motions, and the matter is now ripe for resolution.

## Analysis

The instant petition for a writ of habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion to dismiss shall be granted turns on the statute's limitations period, which provides:

---

[5] Davis sought an extension of time to file an appeal, but the state appellate court dismissed the motion for it to "be pursued in the trial court." Doc. # 8-16 at 1. The Montgomery County Circuit Court docket reflects that Davis chose not to file a notice of appeal nor move for an extension of time. Doc. # 8-17 at 1-2.

5

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2).

Mississippi law does not provide for a direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. Under current Fifth Circuit law, a Mississippi judgment issued pursuant to a guilty plea is considered final ninety (90) days after sentencing on the plea. *See Wallace v. Mississippi*, 43 F.4d 482, 497-501 (5th Cir. 2022). Davis was sentenced on August 31, 2010, and the Sentencing Order was filed on September 1, 2010. Doc # 7-3. Davis' conviction, therefore, became final on November 30, 2010 (September 1, 2010 plus 90 days). Accordingly, absent statutory or equitable tolling, Davis' federal habeas petition must have been filed on or before November 30, 2011, to be deemed timely. *See* 28 U.S.C. § 2244(d)(1) (providing that a federal habeas petition must be filed within one year of the date on which the judgment became final).

Davis must have filed an application for post-conviction relief in state court on or before November 30, 2011, to toll the federal limitations period. *See* 28 U.S.C. § 2244(d)(2) (providing

for statutory tolling while a "properly-filed" motion for post-conviction relief is pending). Davis submitted four post-conviction filings in the Montgomery County Circuit Court: he submitted his first PCR motion on May 24, 2011; the second on October 10, 2012; the third on March 15, 2019; and the fourth and final on March 28, 2023. *See* Doc. # 8-2 at 7-10, 80-81; # 8-12 at 9-43; and # 8-17 at 4-10. Davis' first PCR motion, which was filed on May 24, 2011, was denied by order of the circuit court on June 8, 2011. *See* Doc. # 8-2 at 7-10; # 7-4. As that first PCR motion was filed before the expiration of the federal limitations period, Davis is entitled to statutory tolling during the pendency of those proceedings, resulting in a tolling period of sixteen (16) days (May 24, 2011 through June 8, 2011). As the next (chronologically) of the remainder of Davis' PCR motions was not filed until October 10, 2012, he is not entitled to any additional statutory tolling for the remaining three PCR motions.[6] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("Scott's state habeas application did not toll the limitations period under § 2244(d)(2) because it was not filed until after the period of limitation had expired.") (emphasis omitted). Including the sixteen (16) days for statutory tolling from the first-filed PCR, Davis' federal habeas petition was due on or before December 16, 2011 (November 30, 2011 plus 16 days).

Under the "mailbox rule," the Court considers Davis' federal habeas petition as filed on the date that he delivered it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401(5th Cir. 1999). Davis signed the instant petition on December 5, 2023, and it was "Received" and filed on the Court's docket on December 11, 2023. *See* Doc. # 1. Davis, therefore, filed the instant petition almost twelve years after the December 16, 2011, deadline for filing said petition. Consequently, the Court may review the merits of Davis' claims only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

---

[6] The narrow exceptions of Section 2244(d)(1)(B-D) are inapplicable in the instant case.

The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 799 (2000) (per curiam). To satisfy this burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted). While Davis does not specifically argue for the application of equitable tolling, he does aver that he "cannot fall under 28 U.S.C. § 2244(d) because it [is] a fundamental issue and constitution[al] violation." Doc. # 1 at 13. The Court notes, however, that the state-law fundamental rights exception does not apply in federal habeas proceedings. *See Williams v. Shaw*, 2021 WL 3722337, at *2 (S.D. Miss. Aug. 23, 2021) (explaining that "[petitioner's] claims are barred by AEDPA and not the [state] UPPCRA, a Mississippi statute[,]" and "AEDPA has no exception for constitutional claims and expressly precludes them if they are filed too late"); *Howell v. State*, 358 So. 3d 613, 616 (Miss. 2023) (overruling any case where the court held that "the fundamental-rights exception can apply to the substantive, constitutional bars codified by the Legislature in the [state post-conviction] Act").

To the extent that he opines that his mistaken understanding of the law, particularly the applicability of the fundamental-rights exception, warrants equitable tolling, that argument is unavailing. This is so because "mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling . . . ." *Felder*, F.3d at 172 (5th Cir. 2000); *see also Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991). Moreover, Davis has not shown that he pursued his rights diligently, nor has he identified any extraordinary circumstance that prevented him from filing the instant petition.

It is unclear whether Davis asserts, or attempts to assert, a claim of "actual innocence." However, to the extent that he does so, any such claim would fail. "[A] credible showing of actual

innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief," such as the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). A petitioner makes a credible showing of actual innocence if, based on *new* evidence, he "show[s] that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 395. The threshold showing for a credible claim of actual innocence is "extraordinarily high." *Herrera v. Collins*, 506 U.S. 390, 417 (1993). Davis seemingly asserts that the aforementioned DNA results amount to "new" evidence indicating his innocence. Putting aside the issue of whether the DNA results truly constitute "new" evidence, the DNA results fail to establish the requisite showing of Davis' actual innocence. As noted by the state appellate court, the results merely exclude Davis as a contributor to the sample taken; they do *not* exclude him as the perpetrator of the crime. Moreover, Davis confessed his guilt to law enforcement. Given these circumstances, Davis fails to demonstrate that "no reasonable juror would have convicted him in light of the [DNA results]."

In sum, Davis has failed to establish the applicability of equitable tolling, nor has he made the requisite showing of actual innocence sufficient to overcome a procedural bar. Consequently, Davis' petition is time-barred.

## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner, and Davis must obtain a COA before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). Because his petition for writ of habeas corpus is rejected on procedural grounds, Davis must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was

correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should not issue in this case.

## Conclusion

For the reasons set forth above, Respondents' Motion [7] to Dismiss will be **GRANTED**, and the instant petition for a writ of habeas corpus will be **DISMISSED with prejudice** as untimely filed. As a result, Petitioner's motion [9] for summary judgment will be **DENIED**. The Court further **DENIES** a certificate of appealability. Any pending motions are hereby **TERMINATED**. A separate judgment in accordance with this opinion and order will enter this day.

**SO ORDERED**, this the 7th day of May, 2024.

/s/ Michael P. Mills
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI